# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATRINA NICOLE KERBS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. 2:14-CV-0127-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 12, 13. Attorney Dana C. Madsen represents Katrina Nicole Kerbs (Plaintiff); Special Assistant United States Attorney Jordan D. Goddard represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 17. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) benefits on May 17, 2010, alleging disability since July 15, 2009, due to myasthenia gravis. Tr. 206, 225. Plaintiff amended the alleged onset date to May

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

17, 2010, at the administrative hearing. Tr. 41. The SSI application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) R. J. Payne held a hearing on May 26, 2011, Tr. 39-89, and issued an unfavorable decision on June 8, 2011, Tr. 102-116. However, the Appeals Council remanded the matter for additional proceedings on August 30, 2012. Tr. 117-120. The Appeals Council directed the ALJ to obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. Tr. 118. The ALJ held a hearing on January 25, 2013, Tr. 90-99, and issued another unfavorable decision on February 11, 2013, Tr. 19-28. The Appeals Council denied review on March 13, 2014. Tr. 1-6. The ALJ's February 2013 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 5, 2014. ECF No. 1, 3.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on July 15, 1990, and was 19 years old on the May 17, 2010, amended alleged onset date. Tr. 40. Plaintiff is a high school graduate and was attending college full-time at the time of the first administrative hearing. Tr. 60-64. Plaintiff testified she had not missed any days of school since beginning her coursework. Tr. 67. On "bad days" she would have her mother drive her to school, but this had occurred only three times during the school year. Tr. 79. In December 2011, it was reported she had graduated from college as a floral designer. Tr. 436. Plaintiff reported she has never worked. Tr. 225.

At the administrative hearing held on May 26, 2011, Mihn Vu, M.D., testified that Plaintiff had been diagnosed with myasthenia gravis, a rare disease where the connection between a patient's nerves and muscles can be blocked and

may result in paralysis.  Tr. 45-46.  Dr. Vu opined Plaintiff would be capable of performing light exertion level work, but would not be able to do the type of work requiring continuous activity and would need a five to 10 minute break every two hours.  Tr. 50-51, 56-57.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if substantial conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a),

416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On February 11, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 17, 2010, the application date. Tr. 21. At step two, the ALJ determined Plaintiff had the severe impairment of myasthenia gravis. Tr. 21. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22.

The ALJ assessed Plaintiff's residual function capacity (RFC) and determined she could perform a range of sedentary exertion level work. Tr. 22. The ALJ indicted Plaintiff could only walk for 30 minutes, stand for 30 minutes and sit for two hours at a time; needs to be able to alternate from sitting to standing every two hours for a period of five minutes or less; can do frequent pushing and pulling within the lifting limits; can occasionally climb, balance, stoop, kneel, crouch or crawl; can never climb ropes, ladders or scaffolds; should avoid even moderate exposure to extreme temperatures and hazards; can frequently handle,

finger, reach and feel; and would be able to remain reasonably attentive in a work setting despite the fact that she takes medication for mild to moderate, occasional to frequent pain. Tr. 22.

The ALJ determined at step four that Plaintiff has no past relevant work. Tr. 26. At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, there were jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of cashier II, assembly/bench hand, and call out operator. Tr. 26-27. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from May 17, 2010, through the date of the ALJ's decision, February 11, 2013. Tr. 27-28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) improperly discrediting her symptom claims; and (2) failing to properly consider and weigh the expert opinion evidence.

## DISCUSSION

### A.    Plaintiff's Credibility

Plaintiff contests the ALJ's adverse credibility determination in this case. ECF No. 12 at 10-12.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the

ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible or persuasive to the extent they were inconsistent with the ALJ's RFC determination. Tr. 24.

The ALJ first determined Plaintiff's demonstrated ability to participate in college classes five days a week weakened her position that her ability to work is limited and that she is totally disabled. Tr. 24. The Ninth Circuit has held that taking college courses is an activity which is inconsistent with an alleged inability to perform work. *McGroarty v. Apfel*, 188 F.3d 514 (9th Cir. 1999); *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (attending school three days a week is an activity inconsistent with an alleged inability to perform all work).

While Plaintiff avers the ALJ misstated the record by asserting she was taking collegiate level courses five days a week, ECF No. 14 at 3, Plaintiff testified at the administrative hearing that she did, in fact, attend two classes on Mondays, Tuesdays, Thursdays and Fridays and three classes on Wednesdays, Tr. 64, and had never missed a class, Tr. 67. Contrary to Plaintiff's assertion, Plaintiff was attending college classes five days a week. Plaintiff's demonstrated ability to successfully navigate college coursework five days a week was a valid reason for the ALJ to find her subjective complaints less than fully credible.

The ALJ next stated the objective medical evidence did not support the level of impairment Plaintiff alleged. Tr. 24. The ALJ indicated the medical evidence

did not support the degree of limitations and perpetual restrictions described by Plaintiff at the hearing. Tr. 24. A lack of supporting objective medical evidence is a factor which may be considered in evaluating a claimant's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991).

As noted by the ALJ, there are no treating source opinions from the relevant time period "opining greater restrictions than what are described in the [ALJ's] residual functional capacity" determination. Tr. 24. Medical expert Vu testified Plaintiff's condition had been treated and well controlled, except for a January 2011 incident Dr. Vu attributed to Plaintiff not using her medication as instructed. Tr. 24-25, 47-48. Dr. Vu opined Plaintiff could perform a full range of light exertion level work with a limitation on continuous activity and the need for a five-minute break every two hours. Tr. 25, 50-51, 56-57. The ALJ adopted Dr. Vu's opinion with the exception of finding the record supported an RFC determination of only sedentary exertional level work, consistent with the State Agency reviewing physicians' opinions. Tr. 25, 378-386. While the doctors of record disagreed about whether Plaintiff should be limited to work at the light exertion level, Tr. 49-53, or sedentary exertion level, Tr. 49, 378-386, all doctors who offered an opinion regarding Plaintiff's RFC indicated Plaintiff was capable of maintaining full-time work and her condition had generally improved over time, Tr. 46-49, 386. The ALJ properly concluded that the objective medical evidence did not support limitations to the extent claimed by Plaintiff.

The ALJ also held that Plaintiff's daily activities were inconsistent with her allegations of disabling symptoms and limitations. Tr. 24. It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The ALJ indicated Plaintiff was able to rake leaves, hike, camp, spend the day at the fair walking all over, and participate in the color guard. Tr. 24. The record reflects that Plaintiff informed Pat Hesselgesser, ARNP, on November 16,

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

2010, that she "was raking and could not grip the ra[k]e any longer," but that the episode was "very brief" and "she recovered quickly." Tr. 387. It was noted that Plaintiff "showed excellent recovery and improvement in her mild exacerbation." Tr. 389. At the administrative hearing held on May 26, 2011, Plaintiff testified she went camping for three days in August of 2010. Tr. 82-84. On September 12, 2011, Ms. Hesselgesser indicated Plaintiff reported a general sense of weakness "after spending the entire day at the fair . . . walking all over the Fairgrounds." Tr. 423. On March 23, 2012, Plaintiff reported to Ms. Hesselgesser she had been doing well with no signs of weakness, but had experienced pain in the right forearm from her work as a color guard where she marches with a flag and performs maneuvers with the flag. Tr. 444.

While one does not need to be "utterly incapacitated" to be disabled, *Fair*, 885 F.2d at 603, the ALJ appropriately determined Plaintiff's documented activities of raking, hiking, camping, spending an entire day walking at the fair, and participating in the color guard are inconsistent with her allegation that she is not able to work.

Lastly, the ALJ indicated Plaintiff's was less than fully credible because the evidence of record showed that Plaintiff was not particularly motivated or interested in working. Tr. 24. The Ninth Circuit has recognized that the ALJ may properly consider the issue of motivation in assessing credibility. *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding an ALJ may draw reasonable inferences regarding a claimant's motivation to work).

While Plaintiff contends in her reply brief that the ALJ did not rely on her alleged reluctance to return to work due to insurance concerns as a ground for credibility, ECF No. 14 at 4, the record shows to the contrary, *see* Tr. 24. The ALJ specifically noted Plaintiff indicated in December 2011 that she was reluctant to work because she would lose her insurance. Tr. 24, 436. The ALJ held that this

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

evidence indicates Plaintiff is not particularly motivated or interested in working, which calls into question whether it is her impairments or her lack of desire to work that caused her to seek disability. Tr. 24. The ALJ's finding that Plaintiff's poor motivation undermined her credibility is supported by the record.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g). After reviewing the record, the Court finds that the reasons provided by the ALJ for discounting Plaintiff's subjective complaints are clear, convincing, and fully supported by the record. Accordingly, the ALJ did not err by concluding that Plaintiff's subjective complaints and alleged limitations were not entirely credible in this case.

**B.     Step Five**

Plaintiff lastly contends that the ALJ erred because "[b]oth vocational experts indicated that competitive full-time employment could not accommodate" a schedule where the individual would need to take five to 10 minutes breaks every two hours, a limitation Dr. Vu assessed and the ALJ adopted in his RFC determination. ECF No. 12 at 13.

At the administrative hearing held on May 26, 2011, Dr. Vu testified that Plaintiff would be capable of performing light exertion level work, but would not be able to do the type of work requiring continuous activity and would need a five to 10 minute break every two hours. Tr. 50-51, 56-57. The ALJ accorded "great weight" to Dr. Vu's opinion, Tr. 25, and determined Plaintiff retained the RFC to perform a range of sedentary exertion level work that was not inconsistent with Dr.

Vu's opinion, Tr. 22. At the January 25, 2013, administrative hearing, Deborah Lapoint, a certified vocational expert, Tr. 181-182, testified that an individual with the limitations assessed by the ALJ would be able to perform jobs that exist in significant numbers in the national economy, including the jobs of cashier II, assembly/bench hand, and call out operator. Tr. 94-97.

The ALJ accorded weight to the testimony of the certified vocational expert and thus determined there were sedentary exertion level jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 26-27. The ALJ's conclusion in this regard is fully supported by the evidence of record.

While Plaintiff submits that an April 2012 report and "vocational opinion" from an individual identified as a "certified vocational evaluation specialist" provides support for her allegation that she is not gainfully employable, Tr. 280-282, the individual's resume and credentials are not a part of the record. The individual's qualifications to provide an opinion as a vocational expert are thus uncertain. Of greater significance, this individual was not provided a hypothetical which specifically reflected the ALJ's ultimate RFC determination in this case. In any event, the opinion expressed was not as definitive on the issue of employability as alleged by Plaintiff. The opinion stated merely that "the need to have a 5 to 10-minute break every two hours, on a more probable than not basis, would impact her ability to be gainfully employed. Many work situations do not allow for scheduled breaks." Tr. 282. The opinion did not elaborate on the asserted impact or specify what type of jobs would not allow scheduled breaks. The April 2012 vocational opinion, Tr. 280-282, is not entitled to weight in this matter.

The Court finds the ALJ's step five determination is supported by substantial evidence and free of legal error.

///

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision in this case is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED November 30, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE